**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4317**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL ARMANDO RODRIGUEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:20-cr-00057-D-1)

Submitted:  January 30, 2023                                     Decided:  February 7, 2023

Before KING and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Nicholas Hartigan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Armando Rodriguez pled guilty, without the benefit of a plea agreement, to possession with intent to distribute 500 grams or more of cocaine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2.  The district court sentenced Rodriguez to 150 months' imprisonment, a term in the middle of the advisory Sentencing Guidelines range determined at sentencing.  Rodriguez timely appeals, raising two sentencing challenges.  First, Rodriguez asserts that the district court erred in calculating the relevant drug weight because it relied on the insufficiently corroborated statements of two cooperating defendants.  Second, he argues that the court imposed a sentence that is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).  We affirm.

We review Rodriguez's sentence for reasonableness, applying "a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We first "ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, inadequately considering the § 3553(a) factors, or basing the sentence on clearly erroneous facts.  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).  If we find no significant procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

Rodriguez argues that the district court erroneously relied on insufficiently corroborated hearsay statements from two cooperating defendants in determining the drug quantities attributable to him.  He specifically challenges the inclusion of quantities of methamphetamine and crystal methamphetamine ("ice") as relevant conduct.  "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error . . . [and] . . . will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted).

The district court found Rodriguez responsible for 10,671.5 kilograms of converted drug weight.  This included 996.42 grams of cocaine recovered from Rodriguez's vehicle during a traffic stop and for which he admitted ownership.  The court derived the remaining drug weight from quantities of cocaine, methamphetamine, and ice that Cooperating Defendant 1 ("CD-1") and Cooperating Defendant 2 ("CD-2") stated they purchased from Rodriguez.  The methamphetamine and ice significantly increased Rodriguez's Guidelines range.  Rodriguez contends that the district court erred in attributing the methamphetamine and ice to him because the court based its findings on hearsay testimony, neither of these controlled substances was charged in the indictment, and Rodriguez admitted only to an offense involving cocaine.

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011).  "Under the Guidelines, '[w]here there is no drug seizure or

3

the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (quoting U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5 (2018)). In making this approximation, a court may "give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Id.* (internal quotation marks omitted); *see* USSG § 6A1.3(a) cmt. n., p.s. (stating that, in determining relevant facts, "[a]ny information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy"). Uncorroborated hearsay alone can provide sufficiently reliable evidence of drug quantity. *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010). "The defendant bears the burden of establishing that the information relied upon by the district court . . . is erroneous." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011).

A task force officer involved with the investigation testified at the sentencing hearing that he considered the information from both cooperating defendants reliable. Furthermore, the statements of both cooperating defendants were consistent with other information collected during the investigation.

CD-1 told investigators that he purchased kilograms of cocaine from a Hispanic man who lived with his girlfriend, Reba Scott, at 970 McGirt Gin Road in Robeson County, North Carolina. Additionally, CD-1 said that the Hispanic man traveled from North Carolina to his cocaine supply in Texas. Investigators independently confirmed that Scott lived at 970 McGirt Gin Road and they identified Rodriguez—who they discovered had a history of cocaine trafficking—as the Hispanic man. Through license plate readers,

investigators also were able to verify that Rodriguez had traveled between North Carolina and Texas. And officers seized nearly one kilogram of cocaine from Rodriguez during a North Carolina traffic stop while he was accompanied by Scott on a suspected return trip from Texas.

As part of an investigation of CD-2, law enforcement followed his movements through a GPS tracker affixed to his vehicle. Agents made 11 controlled purchases from CD-2—primarily methamphetamine and ice, but also cocaine. CD-2 made an unprotected statement that Rodriguez was his drug supplier and that he purchased cocaine and methamphetamine from Rodriguez at 970 McGirt Gin Road. CD-2 also said that when he received a call for the controlled buys, he would obtain the drugs from Rodriguez and then immediately complete the deals. This was consistent with agents' observation of CD-2's movements when they were monitoring him with the GPS tracker.

We conclude that the information provided by the cooperating defendants was sufficiently corroborated by other information discovered through the investigation and hence had sufficient indicia of reliability to support its accuracy. Accordingly, the district court did not clearly err in relying on the information to calculate the drug weight attributable to Rodriguez.

Rodriguez also argues that methamphetamine and ice were improperly included as relevant conduct, because he was only charged with, and pled guilty to, a cocaine offense. "Under the Guidelines, the drug quantities that may be attributed to a defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Relevant

5

conduct includes "all acts and omissions committed, aided, [or] abetted . . . by the defendant . . . that occurred during the commission of the offense of conviction." USSG § 1B1.3(a)(1)(A). "[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct . . . as the count of conviction." USSG § 1B1.3, cmt. background. Thus, a sentencing court may take into account quantities and types of drugs that were not charged or otherwise specified in the indictment, as long as it finds, by a preponderance of the evidence, that the conduct occurred and that it was part of the same course of conduct as the count of conviction. *United States v. Williams*, 977 F.2d 866, 870 (4th Cir. 1992).

Here, CD-2's information corroborated CD-1's statement that Rodriguez dealt drugs from the McGirt Gin Road address. Furthermore, officers seized cocaine from Rodriguez during a traffic stop when he was returning from a suspected trip to Texas where CD-1 stated Rodriguez had a drug source. We conclude that the district court did not clearly err in finding that a preponderance of the evidence established that the sales of methamphetamine and ice were part of the same course of conduct as the offense of conviction because they were part of the same "ongoing series of offenses," USSG § 1B1.3, cmt. n.5(B)(ii), and that the sentence is procedurally reasonable.

Turning to Rodriguez's challenge to the substantive reasonableness of his sentence, a sentence is substantively reasonable only if it is "sufficient, but not greater than necessary," to meet the statutory goals of sentencing. *See* 18 U.S.C. § 3553(a). In reviewing a sentence for substantive reasonableness, we consider "the totality of the

6

circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (cleaned up).

Citing *Bell*, Rodriguez argues that the district court abused its discretion by sentencing him in the middle of the advisory Guidelines range rather than below or at the low end because his Guidelines range was based upon uncertain witness estimates. In *Bell*, we held that "when the approximation [of the drug weight] is based only upon uncertain witness estimates, district courts should sentence at the low end of the range to which the witness testified." 667 F.3d at 441 (internal quotation marks omitted). Thus, in attributing drug weight, *Bell* instructs the district court to conservatively determine drug quantity by using the smaller amount of the witness' estimates. This is precisely what the district court did in this case when calculating Rodriguez's base offense level. We decline Rodriguez's invitation to extend the holding in *Bell* to require the district court to sentence the defendant at the low end of the final calculated Guidelines range.

In announcing Rodriguez's within-Guidelines sentence, the district court provided a detailed explanation that was both rooted in the relevant § 3553(a) factors and responsive to Rodriguez's sentencing arguments. Addressing the nature and circumstances of the offense, § 3553(a)(1), the court found that Rodriguez's crime involved controlled

7

substances that were highly addictive and harmful to the community. The court also discussed Rodriguez's history and characteristics, § 3553(a)(1), opining that Rodriguez was an intelligent able-bodied man who chose to traffic in drugs notwithstanding growing up in a stable environment. The court recounted Rodriguez's prior convictions and observed that he committed the instant offense despite having previously served a lengthy sentence for cocaine trafficking. Therefore, the court concluded that a sentence that incapacitated Rodriguez was warranted, reflecting consideration of the need to deter Rodriguez and protect the public from his further crimes, § 3553(a)(2)(B), (C).

Finally, the district court explicitly rejected Rodriguez's argument for a downward variance based on the disparity in the Guidelines between ice and methamphetamine, noting that ice justified stiffer penalties because it was more dangerous. In imposing the sentence, the district court expressly recognized its duty "to impose a sentence sufficient, but not greater than necessary," to meet the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). Rodriguez fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm Rodriguez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*